UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JASON JENNINGS MELTON, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | No.: 3:11-cv-106 (VARLAN/SHIRLEY) |
| JAMES BERRONG, | ) ) | |
| *Defendant*. | ) | |

**MEMORANDUM**

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. The matter is before the Court on the defendant's motion for summary judgment and plaintiff's response thereto, the plaintiff's motion for summary judgment and defendant's response thereto, and various non-dispositive motions filed by the parties. For the following reasons, the plaintiff's motion for summary judgment [Doc. 18] will be **DENIED**, the defendant's motion for summary judgment [Doc. 9] will be **GRANTED**, and all other pending motions will be **DENIED** as **MOOT**. This action will be **DISMISSED WITH PREJUDICE**.

**I.        Standard of Review**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

"Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

**II.     Factual Background**

Plaintiff is an inmate in the Knox County Detention Facility. He filed this action during his confinement in the Blount County Detention Facility (BCDF) as a federal pre-trial detainee. The defendant is Blount County Sheriff James Berrong.[1] Plaintiff alleges that upon being booked in the BCDF, he informed the intake officer that his religion is "Christian Identity" and that a tenet of his faith is that he cannot eat certain unclean food, including

---

[1]Plaintiff also named the Blount County Sheriff's Office as a defendant. The Court *sua sponte* dismissed the Blount County Sheriff's Office because it is not a suable entity under § 1983.

2

pork. Plaintiff further alleges that since being booked into the BCDF on October 21, 2010, and until the filing of his lawsuit on March 1, 2011, he missed more than 97 meals because the tray had a pork product on it and he cannot eat any food from a tray which has unclean food on it. According to plaintiff, he has lost weight and suffered from pain and discomfort from hunger. He further alleges that he filed multiple requests for a pork-free diet to various people within the jail, without receiving a response. Plaintiff claims that by ignoring his religious dietary needs the defendant violated his First Amendment right to religious freedom, and by starving him the defendant violated his Eighth Amendment right against cruel and unusual punishment.

## III. Discussion

As a ground in support of his motion for summary judgment, the defendant alleges, *inter alia*, that the complaint does not state the capacity in which the defendant is being sued, nor does it allege any personal involvement on the part of the defendant in the deprivation of plaintiff's rights. In a suit brought under § 1983, liability cannot be imposed solely on the basis of *respondeat superior*. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy v. Bradley*, 729 F.2d at 421. "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Plaintiff has made no such claim.

In his response to the motion for summary judgment, plaintiff states that he is suing the defendant in his official capacity. Thus, to the extent plaintiff has sued the defendant in his official capacity as Sheriff of Blount County, Tennessee, the Court must proceed as if plaintiff has in fact sued Blount County, Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978).

A municipality may be liable under 42 U.S.C. § 1983 for constitutional violations which result from acts representing official policy of the governmental entity. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989). *See also Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694 (1978). "However, a municipality is not liable under § 1983 for an injury inflicted solely by its employees or agents; the doctrine of respondeat superior is inapplicable." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Thus, "municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, that is, acts which the municipality has officially sanctioned or ordered." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (internal quotation marks omitted).

> It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents. For liability to attach, there must be execution of a

4

Case 3:11-cv-00106  Document 30  Filed 03/15/12  Page 4 of 7  PageID #: 194

government's policy or custom which results in a constitutional tort. Such a requirement ensures that a county is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the county. The "policy" requirement is not meant to distinguish isolated incidents from general rules of conduct promulgated by city officials. Instead, the "policy" requirement is meant to distinguish those injuries for which county is responsible under § 1983, from those injuries for which the county should not be held accountable.

...

[A] plaintiff must demonstrate that "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."

*Gregory v. Shelby County, Tennessee*, 220 F.3d 433, 441-42 (6th Cir. 2000) (quoting *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404, 405 (1997)) (internal citations omitted).

"In analyzing the specific language in § 1983, the court in *Monell* concluded that the language plainly imposes liability on a governmental entity that, under the color of some official policy, 'causes' an employee to violate another's constitutional rights. Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993) (quoting *Monell*, 436 U.S. at 692).

Plaintiff did not allege in his complaint that his rights were violated as a result of policy or custom on the part of Blount County, Tennessee. In his motion for summary judgment, plaintiff alleges the violation of his rights resulted from the BCDF's custom of handling prisoner grievances. Plaintiff claims that by misplacing his grievances, the jail

5

officials were not aware of his request for a pork-free diet and for that reason plaintiff went many months without a pork-free diet. Based upon the pleadings, plaintiff began receiving a pork-free diet on April 28, 2011, per order of Captain Neubert.

In support of his motion for summary judgment, the defendant filed the affidavit of Captain Daniel E. Neubert, Jr., who testifies that he is the administrator of the BCDF. [Doc. 9, Motion for Summary Judgment, Attachment 1, Affidavit of Daniel E. Neubert, Jr.]. A copy of the Inmate Grievance Procedures for the BCDF is attached to Captain Neubert's affidavit. [*Id.*, Exhibit C, Policies and Procedures Manual, Section 7.06 Inmate Grievance Procedures]. These procedures provide that an inmate may file a grievance for the violation of his basic rights, for a prohibited act conducted by a correctional officer, and to correct an unsafe or unsanitary condition. The procedures also set forth the manner in which a grievance may be filed as well as the manner in which it should be addressed by the supervisors responsible for hearing grievances.

Procedures are thus in place at the BCDF for handing inmate grievances. The alleged failure of an individual correctional officer to comply with the grievance procedures does not constitute a custom or policy which can impose liability upon Blount County, Tennessee, for the alleged violation of plaintiff's civil rights. In addition, there is nothing in the record, other than plaintiff's bald assertion, to support plaintiff's claim that the BCDF has a custom or policy of ignoring inmates' grievances.

6

Case 3:11-cv-00106 Document 30 Filed 03/15/12 Page 6 of 7 PageID #: 196

Plaintiff has failed to demonstrate that the alleged violation of his civil rights was the result of custom or policy on the part of Blount County, Tennessee. Accordingly, defendant Sheriff Berrong is entitled to judgment as a matter of law in his official capacity.

## IV. Conclusion

The plaintiff's motion for summary judgment will be **DENIED**, the defendant's motion for summary judgment will be **GRANTED,** and this action will be **DISMISSED WITH PREJUDICE**. All other pending motions will be **DENIED** as **MOOT**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                s/ Thomas A. Varlan
                                                UNITED STATES DISTRICT JUDGE